IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY R. HORNE, | : | |
| Petitioner | : | No. 1:13-cv-01214 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JOHN & JANE DOES OF | : | (Magistrate Judge Blewitt) |
| YORK COUNTY, et al., | : | |
| Respondent | : | |

**MEMORANDUM**

Presently pending before the Court is Petitioner Corey R. Horne's motion to reconsider the Court's dismissal of his petition (Doc. No. 11), and his motion to amend and supplement his complaint (Doc. No. 12.) For the reasons that follow, the Court will deny Petitioner's motion for reconsideration, and deny Petitioner's motion to amend and supplement his complaint as moot.

**I. BACKGROUND**

On May 6, 2013, Petitioner filed a complaint alleging constitutional violations under the Fifth, Eighth, and Fourteenth Amendments, as well as claims for false imprisonment, breach of contract under the Interstate Agreement on Detainers (IAD), and Monell liability against Defendants John and Jane Does of York County, Board of Commissioners, Prison Board of York County, Pennsylvania, York County Prison Warden Mary Sobel, Clair Doll, York County District Attorney Thomas Kearney, and the Interstate Agreement Administrator of Camp Hill, Pennsylvania. (Doc. No. 1.) On July 23, 2013, Magistrate Judge Blewitt issued a Report and Recommendation, recommending that the Court dismiss Petitioner's complaint with prejudice. (Doc. No. 9 at 36.) Magistrate Judge Blewitt's Report and Recommendation also recommended that the Court grant Petitioner's motion to proceed in forma pauperis (Doc. No. 6) solely for the

1

purpose of filing the aforementioned action. (Id.) On August 13, 2013, the Court, finding that no timely objections were filed, adopted the Report and Recommendation (Doc. No. 10), dismissed Petitioner's complaint with prejudice, and granted Petitioner's motion to proceed in forma pauperis solely for his filing of the complaint. (Id.) On August 23, 2013, Petitioner moved the Court to reconsider its order dismissing his petition (Doc. No. 11), and filed a second motion to amend and supplement his complaint. (Doc. No. 12.)

## II.     DISCUSSION

Generally, a party is entitled to reconsideration of an order upon successfully establishing one of the following three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [entered] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Motions for reconsideration are devices of limited utility, to be used neither as a means to relitigate or rehash legal principles and arguments already presented to the court nor to present additional arguments that could, or should, have been raised before judgment was entered. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for reconsideration cannot be used to gain a "second bite" at the apple).

Petitioner has not established that the Court should reconsider its order of August 13, 2013, because he has not specifically alleged any of the three grounds that allow for reconsideration. Instead, he requests reconsideration on the grounds that he did not receive the Report and Recommendation until July 29, 2013, six days after it was released, and that he was in transit to a court date from August 8 to August 15, 2013, which precluded him from filing

timely objections. (Doc. No. 11 at 1-2.) Under the Local Rules, Petitioner had fourteen days to file his objections from the date he received Magistrate Judge Blewitt's Report and Recommendation. M.D. Pa. L.R. 72.3. Thus, the fact that Petitioner did not receive the Report and Recommendation until July 29, 2013, is not dispositive.

Additionally, transport is "not a valid justification for [an inmate's] failure to object to the Report and Recommendation within the time allotted by the Local Rules" because "it is a prisoner plaintiff's obligation to notify the court in the event" of his transfer. Bartelli v. Romanowski, No. 04-0909, 2006 WL 27129, at *3 (M.D. Pa. Jan. 5, 2006). Petitioner received a notification of his court date requiring transport dated July 30, 2013, one day after he received Magistrate Judge Blewitt's Report and Recommendation. (Doc. No. 11 at 1, 3.) Because Petitioner was already aware that he must file objections by August 13, 2013 when he received his court date notification, Petitioner should have notified this Court that his court date would preclude him from filing timely objections. Further, to date, Petitioner has not filed any objections, or other documents that could be construed as objections, to Magistrate Judge Blewitt's Report and Recommendation. Thus, Petitioner has failed to assert any grounds that could establish his entitlement to reconsideration. See Max's Seafood Café, 176 F.3d at 677. Accordingly, the Court will deny Petitioner's motion for reconsideration. Because Petitioner's case will remain closed, the Court will also deny his motion to file an amended complaint (Doc. No. 12) as moot. An order consistent with this memorandum follows.